**Donald P. BARFIELD, Plaintiff,**

v.

**ANHEUSER-BUSCH, INC., and Mike Parsons, Defendants.**

**No. 84–1494–C(4).**

United States District Court, E.D. Missouri E.D.

Aug. 21, 1985.

---

Robert G. Raleigh, St. Louis, Mo., for plaintiff.

Charles A. Seigel, Stolar, Heitzmann, Eder, & Harris, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on defendants' joint motion for summary judgment.

In support of their motion, defendants assert that plaintiff has failed to file his complaint within the applicable statute of limitations period. Upon reviewing plaintiff's deposition and the memoranda of law presented by both parties, it does appear that plaintiff's cause of action is in fact time barred. The applicable statute of limitations period in this case is five years. *See Allen v. Amalgamated Transit Union, Local 788,* 554 F.2d 876 (8th Cir.1977), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1978). Plaintiff has alleged that his employment was terminated by the defendant on December 10, 1979. Plaintiff filed his present cause of action on August 13, 1984. At first blush it would appear that plaintiff's cause of action is timely filed. But a close examination of the documents presented to this Court appears to indicate that plaintiff's date of termination was actually in April and not December. The altercation which prompted the defendant to fire plaintiff occurred in March of 1979. On two separate occasions in April, plaintiff requested that he be reinstated to his former position, but both requests were rejected by defendant. Shortly thereafter, plaintiff initiated arbitration proceedings, and was subsequently denied reinstatement by the arbitrator. The arbitrator's decision was rendered in December of 1979. It would appear that plaintiff is attempting to argue that he did not become aware of the fact that he was terminated until the arbitrator reached his final decision. This Court is of the opinion, however, that plaintiff was well aware of the fact that his employment was terminated in April. The evidence presented does not indicate that plaintiff was placed on suspension. Rather, the evidence clearly indicates that plaintiff was fired. The five year statute of limitations period began to run from April of 1979. The limitation period was not tolled simply because plaintiff submitted his dispute to an arbitrator; *see Delaware State College v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 505, 66 L.Ed.2d 431 (1980); *Electrical Workers v. Robbin & Myers, Inc.,* 429 U.S. 229, 237, 97 S.Ct. 441, 447, 50 L.Ed.2d 427 (1976), and in any event, plaintiff had ample time in which to file his complaint with this Court. The fact that he failed to do so in a timely manner warrants the granting of summary judgment with respect to plaintiff's entire cause of action. Accordingly

IT IS HEREBY ORDERED that the defendants' joint motion for summary judgment is GRANTED.