Donald P. BARFIELD, Appellant,

v.

ANHEUSER BUSCH and Mike Parsons, Appellees.

No. 86–1124.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1987.

Decided April 7, 1987.

Rehearing Denied June 3, 1987.

Robert G. Raleigh, Alton, Ill., for appellant.

H. Kent Munson, St. Louis, Mo., for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Appellant Donald Barfield brought suit against his former employer, Anheuser Busch, Inc., and against his former supervisor, Mike Parsons, claiming that they had discriminated against him by reason of his race in violation of 42 U.S.C. § 1981 (1982). The district court[1] entered summary judgment for the defendants on the ground that the actions against them were barred by the statute of limitations. 617 F.Supp. 32 (1985). Barfield appeals this judgment. We affirm the district court's decision.

Barfield, a black employee of Anheuser Busch, was suspended from work on March 30, 1979 when he became involved in a fist fight with his supervisor. Anheuser Busch allegedly notified Barfield in April, 1979 that his employment had been terminated, although Barfield denies having received this notification. Barfield twice met with company officials in an attempt to gain

reinstatement. When the company refused to reinstate him, Barfield's case was submitted to arbitration. On December 10, 1979, the arbitrator issued an opinion in favor of the company. Barfield brought this action in August, 1984.

The district court held that Barfield's claim was barred by the applicable five year statute of limitations. The court found that Barfield was fired in April, 1979 thus causing his claim to accrue. *See Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980). (Limitations period commences when the employment decision is made and communicated to the plaintiff.) The court also determined that arbitration of Barfield's dispute did not toll the limitations period. *See id.* at 261, 101 S.Ct. at 505.

On appeal Barfield argues that summary judgment was inappropriate because a material fact was in issue. Barfield claims that it was not satisfactorily established in district court that his employment had been terminated in April, 1979 thereby causing his claim to accrue. We have carefully studied the record, including the district court's opinion and the briefs of the parties. We conclude that the district court's findings are not clearly erroneous and that no error of law exists. Accordingly, we affirm on the basis of the district court's opinion. *See* 8TH CIR.R. 14.